UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYISHA MITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL J. KINNEY, et al., ,<br><br>  Defendants. | Case No. 2:23-cv-08702-JGB (DTB)<br><br>**ORDER DENYING MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT** |

## I.
## PROCEEDINGS

Plaintiff Tyisha Mitchell ("Plaintiff"), proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 ("Section 1983") on October 12, 2023 against numerous defendants, including Kel Mitchell ("Mitchell"), Joseph Land ("Land"), and Nina Shayan Depatie ("Depatie). (Docket No. 1). The identified defendants, and other defendants, moved to dismiss the Complaint on various grounds. (Docket Nos. 6, 8, 10-11, 13).[1] On November 15, 2023 (the same date defendant Mitchell moved to dismiss the Complaint), defendant Mitchell filed a Motion to Deem Plaintiff a

---

[1] The Court has separately addressed the Motions to Dismiss in a Report and Recommendation issued on July 9, 2024. (Docket No. 24). On August 20, 2024, the district court accepted the findings, conclusions and recommendations of the Report and Recommendation. (Docket No. 27).

1

Vexatious Litigant ("Motion"). (Docket No. 9). Attached to the Motion is a Request for Judicial Notice. (Docket No. 9-1).[2] Defendants Land and Depatie joined in the Motion. (Docket No. 12).

On July 9, 2024, the Court issued an Order for Plaintiff to file an Opposition to the Motion on or before July 24, 2024. (Docket No. 23). However, Plaintiff did not file an Opposition. (See Docket No. 26).

For the reasons stated below, the Motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Defendant Mitchell requests that the Court take judicial notice of eleven documents filed in Kel Mitchell v. Tyisha Hampton Mitchell, case number BD431414, namely, (a) the docket as of November 14, 2023 (Docket No. 9-2, Exhibit A), (b) a "Writ of Execution" filed by Plaintiff on February 26, 2020 (Docket No. 9-3, Exhibit B), (c) Findings and Order After Hearing dated January 11, 2023 (Docket No. 9-4, Exhibit C), (d) Requests for Contempt against defendant Mitchell and his wife filed by Plaintiff on February 14, 2023 (Docket Nos. 9-4 - 9-5, Exhibits D and E), (e) a minute order dated February 14, 2023 (Docket No. 9-6, Exhibit F), (f) a minute order dated March 23, 2023 (Docket No. 9-6, Exhibit G), (g) an Abstract of Support Order filed by Plaintiff on May 2, 2023 (Docket No. 9-7, Exhibit H), (h) a "Statement of Disqualification" filed by Plaintiff on May 8, 2023 (Docket No. 9-8, Exhibit I), (i) documents filed by Plaintiff on May 12, 2023 (Docket No. 9-9, Exhibit J), (j) documents filed by Plaintiff on May 15, 2023 (Docket No. 9-10, Exhibit K), and (k) an Order dated August 1, 2023 (Docket 9-11, Exhibit L). (See Docket No. 9-1 at 2). Defendant Mitchell further requests that the Court take judicial notice of three documents pertaining to cases filed by Plaintiff in this Court, specifically, (a) Tyisha Mitchell v. Kel Mitchell, et al., No. 2:23-cv-03944-JGB-PVC, Order On Request to Proceed In Forma Pauperis (Non-prisoner case), dated May 24, 2023 (Docket No. 9-12, Exhibit M); (b) Tyisha Mitchell v. Kel Mitchell, et al., No. 2:23-cv-04017-JGB-PVC, Order On Request to Proceed In Forma Pauperis (Non-prisoner case), dated May 25, 2023 (Docket No. 9-13, Exhibit N); and (c) Kel Mitchell v. Tyisha Mitchell, Case No. 2:23-cv-07435-DMG-MAA, excerpts of Notice of Removal filed on September 5, 2023, and Order Remanding Action to State Court and Denying Pending Motions as Moot, dated October 27, 2023 (Docket Nos. 9-14 - 9-15, Exhibits O and P). (See Docket No. 9-1 at 3).

Defendant Mitchell's Request for Judicial Notice is GRANTED. See Federal Rule of Evidence 201(b).

## II.

## DISCUSSION

Defendant Mitchell has moved to declare Plaintiff a vexatious litigant. (Docket No. 9). The gist of the Motion is that Plaintiff has abused the judicial process by "making repeated, frivolous, and harassing filings" against defendant Mitchell in both family court and federal court. (Id. at 5).[3] Defendant Mitchell "requests that the Court deem [Plaintiff] a vexatious litigant, and (1) order that she obtain leave of court before making any more filings against [defendant Mitchell], and (2) order her to post security if the underlying action proceeds." (Id. at 5-6, 9).

### A.   Background.[4]

1.   Family Court Filings.

In August 2005, defendant Mitchell filed a petition for divorce from Plaintiff in Los Angeles County Superior Court, case number BD431414. (Docket No. 9-2 at 2 (describing case type as "Dissolution w/ Minor Children")). There was a lot of filings/activities in that case. (Id. at 68-89). Although a final judgment was entered in April 2010, there continued to be filings/activities through November 2017. (Id. at 59-68).

In February 2020, Plaintiff filed an application for issuance of writ of possession/sale/execution, claiming that, based on an Order issued in February 2010, defendant Mitchell owed her $431,961.50 for the sale of the residence and $163,948.00 for community property. (Docket No. 9-3). On February 2, 2023, after substantial filings/activities, including a Request for an Order regarding modification of judgment and to deem all arrears paid in full ("Request") filed by

---

[3] For the parties' pleadings, including attachments, the Court cites to the CM/ECF pagination at the top of each page.

[4] Information for the "Background" section is based on documents attached to the Motion. As noted above, Plaintiff did not oppose the Motion.

defendant Mitchell on April 18, 2022 (which Plaintiff did not oppose) and a hearing on that Request on January 11, 2023, the court granted the Request, and found that Plaintiff had received all funds from the sale of the residence (so that defendant Mitchell did not owe Plaintiff any money from the sale) and that "any and all arrears pursuant to the Judgment from [defendant Mitchell] to [Plaintiff] are paid in full by [defendant Mitchell]." (Docket No. 9-4).

On February 14, 2023, Plaintiff filed, ex parte, an Order to Show Cause and Affidavit for Contempt against defendant Mitchell related to the violation of family support and bank account orders. (Docket No. 9-5). On the same date, Plaintiff also filed, ex parte, an Order to Show Cause and Affidavit for Contempt against defendant Mitchell's wife related to a bank account order. (Docket No. 9-6). On that date, the court (a Commissioner) denied Plaintiff's ex parte applications based on an insufficient factual showing, but gave Plaintiff the opportunity to "file a regularly-noticed Request for Order." (Docket No. 7).

Plaintiff apparently filed a regularly-noticed Order to Show Cause and Affidavit for Contempt against defendant Mitchell and defendant Mitchell's wife. (See Docket No. 9-2 at 6). Defendant Mitchell and his wife both filed briefs in opposition. (See id.) On March 23, 2023, the court (a Commissioner) held a hearing on the Order to Show Cause re Contempt. (See Docket No. 9-8).[5] The court granted

---

[5] Defendant Mitchell states that "[he] and his wife were required to appear in court with counsel, and [Plaintiff] completely failed to appear." (Docket No. 9 at 6). It does not appear that Plaintiff appeared for the hearing. (See Docket No. 9-8). However, it appears that defendant Mitchell and his counsel appeared for the hearing via LACourtConnect, and not in person, and it does not appear that Defendant Mitchell's wife appeared for the hearing. (See id.)

Defendant Mitchell further states that Plaintiff "had even requested ADA services for this hearing that she refused to attend." (Docket No. 9 at 6). The court's March 23, 2023 Order states, "Tatiana Martindale present and prepared to provide CART services for [Plaintiff] per the request filed March 20, 2023." (Docket No. 9-8). However, there is no indication in the docket that Plaintiff filed a request for ADA services on March 20, 2023. (See Docket No. 9-2 at 6). Indeed, there are docket entries on March 6, 7, and 22, 2023 (the last being the day before the hearing) that Plaintiff filed notices she was going to appear for the hearing remotely. (See id. at 5-6).

4

defendant Mitchell's oral motion to dismiss, and found that Plaintiff had failed to meet her burden of proof and that defendant Mitchell was "not guilty of all charges of contempt." (Docket No. 9-8).

On May 2, 2023, Plaintiff filed an Abstract of Support Judgment which claimed that on April 21, 2023, a judgment was entered against defendant Mitchell, and that an execution lien was endorsed on the judgment in favor of Plaintiff in the amount of $1,999,036.66. (Docket No. 9-9). There is no indication in the docket that a judgment was entered against defendant Mitchell on that date or that an execution lien was endorsed on the judgment in favor of Plaintiff in that amount. (See Docket No. 9-2 at 5).[6]

On May 8, 2023, Plaintiff filed a Statement of Disqualification, attempting to disqualify the Commissioner from serving on the case. (Docket No. 9-10). Plaintiff objected to the Commissioner's officiating at hearings on February 14, 2023, March 7, 2023, March 20, 2023, March 23, 2023, May 11, 2023, and June 23, 2023. (Id. at 3). Plaintiff noted that she had filed a Withdrawal of Stipulation for Appointment of Referee ("Withdrawal of Stipulation") on March 17, 2023. (Id. at 3, 10-35 (the attached Withdrawal of Stipulation); see also Docket No. 9-2 at 6). In the Withdrawal of Stipulation, Plaintiff stated that on March 7, 2023, the Commissioner held a hearing which Plaintiff attended, but that Plaintiff had taken prescribed narcotic pain medication that day and did not knowingly and voluntarily consent to the stipulation for the appointment of the Commissioner as a referee. (Docket No. 9-10 at 13-14).[7] In a Declaration attached to the Withdrawal of Stipulation, Plaintiff

---

[6] Defendant Mitchell states that "[t]here is no such judgment and [Plaintiff] entirely fabricated the amount of the judgment." (Docket No. 9 at 6). While Defendant Mitchell may be correct, defendant Mitchell does not cite, and the Court does not see, any judicially noticed document making a finding that Plaintiff "fabricated" the judgment.

[7] The docket does not reflect that any hearing took place on March 7, 2023. (See Docket No. 9-2 at 6).

5

stated that she and defendant Mitchell entered into the stipulation for the appointment of the Commissioner as a referee on March 7, 2023, that she was not able to properly represent herself at the March 7, 2023 hearing because she had taken medication and because she was unable to think logically and communicate clearly due to past domestic violence and stress, and that she wanted a judge and not a Commissioner to hear her case. (Docket No. 9-10 at 23-25).[8] [9]

On May 12, 2023, Plaintiff filed seven Declarations re Contempt against defendant Mitchell ("Cancelling Medical/Dental/Life Insurance Policies"; "Removing $7,435.01 from the Bank Account"; "Removing the Minor Children Outside California"; "Selling the Community Property Residence Without Consent"; "Violating April 18, 2007 Court Order"; "Violating March 16, 2006 Court Order"; and "Violating November 23, 2005 Court Order"), an Order to Show Cause re Contempt against defendant Mitchell, and a bench warrant against defendant Mitchell. (Docket No. 9-11). On May 15, 2023, Plaintiff filed Orders to Show Cause re Contempt against a judge, defendant Mitchell's attorney, defendant

---

[8] Defendant Mitchell states that "[Plaintiff] claimed her consent to have a Commissioner (rather than a Superior Court judge) try her case occurred under the influence of narcotics." (Docket No. 9 at 7). While this is true, Plaintiff also claimed her consent was given due to her inability to think logically and to communicate clearly as a result of past domestic abuse and stress.

Defendant Mitchell states that, "Fundamentally, each of these filings are an attempt to seek retaliation for, or reconsideration of, judicial rulings in favor of [defendant Mitchell]." (Docket No. 9 at 7.) Although defendant Mitchell does not specify which "filings" he is referring to, the Court assumes he is referring to each of Plaintiff's filings discussed above in the "Background" Section. Defendant Mitchell does not cite any judicially noticed document that made a finding that Plaintiff's filing were retaliatory. Moreover, while Plaintiff's attempts to seek reconsideration of unfavorable judicial rulings may not have been brought properly (see Docket No. 9 at 7 n. 1), there is nothing in the judicially noticed documents indicating that Plaintiff's motive for seeking reconsideration was improper.

[9] On July 28, 2023, the Commissioner struck Plaintiff's Statement of Disqualification, finding, in part, that it "does not state legal grounds for disqualification[.]" (Docket No. 9-13 at 4).

6

Mitchell's wife's attorney, and defendant Mitchell's attorney's firm ("Violating Final Judgment on Further Judgment on Reserved Issues"). (Docket No. 9-12).[10]

On July 28, 2023, the court (a Commissioner) held a hearing on Defendant Mitchell's Request for Order Regarding Release of Liens on His Properties, filed on March 10, 2023, and Defendant Mitchell's Request to Deem Plaintiff a Vexatious Litigant, filed on May 17, 2023. (See Docket No. 9-13 at 2-3; Docket No. 9-2 at 4).[11] On August 1, 2023, the court granted, in part, defendant Mitchell's Request for Order, ordering Plaintiff to pay certain attorney's fees and costs. (Docket No. 9-13 at 4). However, the court denied defendant Mitchell's Request to Deem Plaintiff a Vexatious Litigant without prejudice. (Id.)

2.   Federal Court Filings.

On May 23, 2023, Plaintiff filed a Complaint for Preliminary and Permanent Injunction and for Damages under Section 1983 against various defendants, including defendant Mitchell. (See Tyisha Mitchell v. Kel Mitchell, et al., No. 2:23-cv-03944-JGB-PVC; Docket No. 1). The Complaint challenged the allegedly fraudulent sale of the family residence. (See id.; Docket No. 1 at 3-15, 17-28). The Complaint attempted to allege that defendant Mitchell was a state actor: "At all times relevant to this complaint, [defendant Mitchell] acted as a government agent within the meaning of 42 U.S.C. § 1983. Although not a traditional law enforcement officer, [defendant] Mitchell's actions and conduct can be considered as acting under

---

[10] Defendant Mitchell states that "[o]n July 28, 2023, the Family Court denied all of [Plaintiff's] requests[.]" (Docket No. 9 at 7 (citing Docket No. 9-13)). However, that Order does not mention Plaintiff's Declarations re Contempt or Orders to Show Cause re Contempt. (See Docket No. 9-13).

[11] Under California law, a "vexatious litigant" includes a pro se litigant who "repeatedly relegates or attempts to relitigate . . . the validity of the determination against the same defendant . . . as to whom the litigation was finally determined" or who "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Code. Civ. Proc. §§ 391(b)(2), (b)(3).

color of state law, fulfilling the requirements to be deemed a state actor." (Id.; Docket No. 1 at 3). When the Complaint was filed, Plaintiff filed a Request to Proceed in Forma Pauperis. (Id.; Docket No. 2).

On May 24, 2023, the Court issued an Order on Request to Proceed in Forma Pauperis (Non-Prisoner Case), dismissing the case without prejudice. (Docket No. 9-14). The Court stated: "Here, Plaintiff has failed to identify any state actions and has failed to allege that defendants' unconstitutional conduct is attributable to the State. All of the defendants are non-governmental actors. Accordingly, this Court lacks jurisdiction to preside over this matter. Thus, the Complaint is DISMISSED." (Id. at 3).

On May 24, 2023 (the same day the prior case had been dismissed), Plaintiff filed a Complaint for Preliminary and Permanent Injunction and for Damages under Section 1983 against defendants Mitchell and unknown persons. (See Tyisha Mitchell v. Kel Mitchell, et al., No. 2:23-cv-04017-JGB-PVC; Docket No. 1). The Complaint alleged that defendant Mitchell repeatedly violated court orders, illegally withdrew funds, and engaged in the abuse of the court process. (See id.; Docket No. 1 at 3-20). In an attempt to allege that defendant Mitchell was a state actor, the Complaint used the same language as the prior Complaint, and added the following: "[Defendant] Mitchell's role as a petitioner in the divorce case, combined with his obligation to abide by court orders and fulfill his financial responsibilities, can be argued as him acting a state actor. While not a literal government official his actions and responsibilities in the legal proceedings connect him to the authority and power of the state, making him subject to legal scrutiny under the color of law." (Id.; Docket No. 1 at 3, 6). When the Complaint was filed, Plaintiff filed a Request to Proceed in Forma Pauperis. (Id.; Docket No. 2).

/ / /

/ / /

The following day, the Court issued an Order on Request to Proceed in Forma Pauperis (Non-Prisoner Case), dismissing the case with prejudice on the grounds the Court lacked subject matter jurisdiction, the action was frivolous or malicious, and the action failed to state a claim upon which relief may be granted. (Docket No. 9-15). The Court dismissed the case for lack of subject matter jurisdiction based on the absence of any state action supporting a Section 1983 claim. (Id. at 3).[12]

On September 5, 2023, Plaintiff filed a Notice of Removal, pursuant to 28 U.S.C. § 1446(a), attempting to remove the family court case to this Court. (See Kel Mitchell v. Tyisha Mitchell, No. 2:23-cv-07435-DMG-MAA; Docket No. 1). The Notice of Removal asserted that the district court had federal question jurisdiction for the following reasons: "[Defendant Mitchell], Judges, Commissioner, attorney's [sic] and others deprived [Plaintiff] of her rights to the liberty of locomotion, guaranteed by the 14th Amendment of the United States. [Defendant Mitchell's] action's [sic] deprived [Plaintiff's] rights under the Color of Law, which give rise to a violation of 42 U.S.C. § 1983." (Id.; Docket No. 1 at 2; see also Docket No. 9-16

---

[12] The Court wrote:

Here, Plaintiff alleges that Defendant's "role as a petitioner in the divorce case, combined with his obligation to abide by court orders and fulfill his financial responsibilities, can be argued as him acting as a state actor." (Complaint at 6.) However, Defendant's role as a private litigant does not make him a state actor within the meaning of Section 1983. See, e.g., Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a partgy [sic] a co-conspirator or a joint actor with the judge."). Plaintiff has failed to identify any state actors and has failed to allege that Defendant's conduct is attributable to the State. Accordingly, this Court lacks subject matter jurisdiction to preside over this matter. Because this is the second complaint Plaintiff has filed against Defendant asserting a section 1983 claim, and because the pleading cannot possibly be cured by allegation of other facts, the Court DISMISSES the Complaint WITH PREJUDICE. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

(Docket No. 9-15 at 3).

9

at 3). Based on the absence of removal jurisdiction over the case, the Court remanded the case to the Los Angeles County Superior Court. (Docket No. 9-17).[13]

On October 12, 2023 (approximately one month after the removal action was remanded), Plaintiff filed this action. While the Court recently found that the Complaint had not sufficiently alleged that defendants Mitchell, Land or Depatie had conspired or acted jointly with a state actor to deprive her of her constitutional rights (Docket No. 24 at 41 ("There are no specific allegations that would support a finding that defendant Mitchell's conduct qualified as state action. Without more, Plaintiff's conclusory allegations are insufficient to establish that defendant Mitchell was conspiring or acting jointly with a state actor."); id. at 42-43 ("No specific factual allegations support a finding that defendants Land and Depatie engaged in conduct that would qualify as state action. . . . Without more, Plaintiff's conclusory allegations are insufficient to establish that defendants Land and Depatie were conspiring or acting jointly with a state actor.")), the Court granted defendant Mitchell's Motion to Dismiss and defendants Land and Depatie's Motion to Dismiss

---

[13] The Court stated:

The Court lacks removal jurisdiction over this action because [Plaintiff] fails to attach to the notice of removal any pleading that includes a 42 U.S.C. claim for deprivation of her right to locomotion. Indeed, the fact that she phrases her claims as attacks on the actions of the judicial officers and parties in her state dissolution proceedings indicates that she seeks to challenge the state court's rulings within her family law case. See Doe & Assocs. L. Offs. V. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (federal courts should not exercise jurisdiction over an action that is a *de factor* appeal from a state court interlocutory order or judgment). To the extent she claims that she has federal defenses to state court claims, it is well established that an action cannot be removed to federal court based on a federal question asserted in a defense. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1997). Therefore, it is clear that the Court lacks removal jurisdiction over this action, notwithstanding the notice of removal predicated on an alleged federal question claim.

(Docket No. 9-17 at 3) (footnote omitted).

with leave to amend in order for Plaintiff to have the opportunity to file an amended complaint which contains specific factual allegations supporting a finding that defendant Mitchell's conduct, defendant Land's conduct, and defendant Depatie's conduct qualified as state action. (See id. at 41, 43-44).[14]

### B. Legal Standard.

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). There is strong precedent for courts to use that power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted).

Additionally, Central District of California Local Rule ("Local Rule(s)") 83-8.1 provides that:

> It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.

Where a litigant has "abused the Court's process and is likely to continue such abuse," the Court may "order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant," and may "make such other orders as are appropriate to control the conduct of the vexatious litigation,"

---

[14] As noted above, Defendants Land and Depatie joined in Defendant Mitchell's Motion. (Docket No. 12).

11

including an order directing "the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." Local Rules 83-8.2, 83-8.3. When determining whether to enter pre-filing orders, the Court may, but is not required to, proceed by reference to California's vexatious litigant statute. Local Rule 83-8.4.

Although pre-filing restriction orders should rarely be filed, De Long, 912 F.2d at 1147, a litigant with an abusive and frivolous litigation history may be enjoined from bringing further vexatious litigation. See De Long, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."); see also Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-61 (9th Cir. 2007) (per curiam). However, "a court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." Molski, 500 F.3d at 1057. A court's determination that a litigant is vexatious depends on the following factors: (1) The litigant must be given adequate notice and an opportunity to be heard; (2) the court must provide an adequate record for review, including "a listing of all the cases and motions that led the court to conclude that a vexatious litigant order was needed"; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the court's order must be narrowly tailored. De Long, 912 F.2d at 1147-48.

/ / /

/ / /

/ / /

/ / /

**C.     Analysis.**

      1.     Notice and Opportunity to be Heard.

On November 15, 2023, defendant Mitchell filed the Motion. (Docket No. 9.) The Proof of Service attached to the Motion states that the Motion was served on Plaintiff by e-mail and by CM/ECF. (Id. at 13). In the Report and Recommendation issued on July 9, 2024, the Court noted the Motion as well as the fact that defendants Land and Depatie joined in the Motion. (Docket No. 24 at 6 n. 5). On the same date, the Court issued an Order for Plaintiff to file an Opposition to the Motion on or before July 24, 2024. (Docket No. 23). On July 31, 2024, the Court issued a Notice that Plaintiff had not filed an Opposition to the Motion and that the Motion was under submission. (Docket No. 26).

Consequently, Plaintiff was provided with adequate notice and an opportunity to be heard.

      2.     An Adequate Record for Review.

In the Motion, defendant Mitchell provided information about Plaintiff's relevant filings and court orders in the family law case and about Plaintiff's three prior actions in the Central District, including the date filed, case number, and reason for termination of or remand of the action. (See Docket No. 9 at 6-8, with citations to the documents attached to defendant Mitchell's Request for Judicial Notice). As discussed in footnote 2 above, the Court has taken judicial notice of the eleven documents pertaining to the family law case and the four documents pertaining to the prior Central District actions. In the Motion, defendant Mitchell also provided a brief summary of Plaintiff's present action, including the allegation in the Complaint about Defendant Mitchell acting under color of state law. (See Docket No. 9 at 8).

/ / /

/ / /

/ / /

1  The Court provided information about the status of the present action, including that,
2  although the Complaint did not sufficiently allege state action by defendants
3  Mitchell, Land, or Depatie, the Court was giving Plaintiff another opportunity to
4  attempt to sufficiently allege state action by them.
5       Therefore, the record is adequate for review.
6       3.   Substantive Findings as to the Frivolous or Harassing Nature of
7  Plaintiff's Actions.
8       Based on the record before it, the Court is not able to find that Plaintiff's
9  federal filings are frivolous in nature.  Although, as discussed above, the Court made
10 a finding that the second action filed by Plaintiff in this Court was frivolous or
11 malicious (Docket No. 9-15 at 2), the Court did not state why Plaintiff's second
12 action was frivolous or malicious.  De Long, 912 F.3d at 1148 ("Merely because a
13 claim lacks jurisdiction does not make the claim per se frivolous.").  Moreover, that
14 is the only action in which there has been a finding of frivolousness or malicious.
15 That one action, which alleged different claims than Plaintiff's first action, does not
16 support a finding of the frivolousness nature of all of Plaintiff's actions.  See De
17 Long, *supra* (". . . [T]he district court needs to look at 'both the number and content
18 of filings as indicia' of the frivolousness of the litigants' claims.") (citation omitted);
19 Molski, 500 F.3d at 1059 ("'An injunction cannot issue merely upon a showing of
20 litigiousness.  The plaintiff's claims must not only be numerous, but also be patently
21 without merit.'") (quoting Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990)).
22 Moreover, at this point, the Court is unable to make a determination about the
23 frivolousness of Plaintiff's present action against defendants Mitchell, Land, and
24 Depatie because Plaintiff still has the opportunity to allege in an amended complaint
25 actions by them that would be sufficient to establish state action.  See In re Powell,
26 851 F.2d 427, 431 (9th Cir. 1988) ("In making a determination as to the frivolousness
27 of numerous actions, however, the district court should be careful not to review

pending cases."). Finally, Plaintiff's four actions in this Court -- one of which was found to be frivolous or malicious without explanation -- is not a particularly large or inordinate number of actions. De Long, *supra* ("[E]ven if DeLong's habeas petition is frivolous, the court did not make a finding that the number of complaints was inordinate.").

In addition, based on the record before it, the Court is not able to find that Plaintiff's federal filings are harassing in nature. See De Long ("An alternative to the finding of frivolousness is the finding that De Long's claims show a pattern of harassment."). While there may be some overlap between the claims alleged in the prior actions and the claims alleged in the present action, the claims in the present action, at least as to defendants Mitchell, Land, and Depatie, do not mirror the claims alleged in the prior actions. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988) (per curiam) (a district court should "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court"). Although Plaintiff's federal filings reflect that she feels aggrieved by defendant Mitchell's actions and the family court's rulings, they do not, as of now, reveal an attempt by Plaintiff to harass defendant Mitchell.

Defendant Mitchell's attempt to rely on Plaintiff's family court filings to show the frivolous and harassing nature of Plaintiff's federal filings (see Docket No. 9 at 10-11) is unjustified. While defendant Mitchell asserts that "[o]n July 28, [2023], the Family Court made a ruling that [Plaintiff's] filings were inappropriate and that he would declare her a vexatious litigant if she continued making such filings" (Docket No. 9 at 11), the court (a Commissioner) did not make that specific ruling. (See Docket No. 9-13 at 4 ("The Court denies the request to deem [Plaintiff] a Vexatious Litigant at this time. The motion is denied without prejudice. If [Plaintiff's] actions persist, a new motion may be filed.")). Moreover, while Plaintiff may have filed numerous motions in the family court, including a Statement of

Disqualification and Orders to Show Cause re Contempt, defendant Mitchell has not pointed to any finding that those motions were frivolous or harassing in nature.

Accordingly, based on the record currently before it, the Court does not find that Plaintiff's actions are frivolous or harassing for purposes of declaring her a vexatious litigant.[15]  Therefore, the Motion is DENIED.

Dated: September 6, 2024

_____
DAVID T. BRISTOW
United States Magistrate Judge

---

[15] The Court's determination renders it unnecessary for the Court to address the fourth factor, specifically, that the pre-filing order must be narrowly tailored.