# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.   **2:23-cv-08702-JGB (DTB)**                           Date: **September 27, 2024**

Title: <u>Tyisha Mitchell v. Deputy District Attorney Daniel J. Kinney, et al.</u>

===============================================================

**DOCKET ENTRY**

===============================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):

None present                                                      None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING FIRST AMENDED COMPLAINT**

On August 20, 2024, the District Judge concurred with and accepted the findings, conclusions and recommendations of the United States Magistrate Judge. It was ordered as follows: (1) The Motion to Dismiss (Docket No. 5) filed by Defendants Kerry R. Bensinger, Sergio C. Tapia, Scott A. Steiner, Richard M. King, Cheri T. Pham and Mary L. Byrne (the "Judicial Defendants") was granted and Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims and state law claims alleged against the Judicial Defendants based on the Rooker-Feldman doctrine, the doctrine of absolute judicial immunity from damages, and any claim for injunctive relief against the Judicial Defendants commanding them to engage in certain actions in a prior or pending state court action were dismissed without leave to amend; (2) the Motion to Dismiss (Docket No. 13) filed by Defendant Daniel J. Kinney was granted and all Section 1983 claims alleged against Defendant Kinney on the basis of prosecutorial immunity were dismissed without leave to amend; (3) the Motion to Dismiss (Docket No. 8) filed by Defendant Kel Mitchell aka Asia Mitchell aka Chips & Coinage ("Mitchell") was granted and the Section 1983 claims and state law claims alleged against Defendant Mitchell based on Plaintiff's failure to state a viable claim for relief were dismissed with leave to amend; (4) the Motion to Dismiss (Docket Nos. 10-11) filed by Defendants Joseph Land ("Land") and Nina Shayan Depatie ("Depatie") was granted and the Section 1983 claims and state law claims

alleged against Defendants Land and Depatie based on Plaintiff's failure to state a viable claim for relief were dismissed with leave to amend.

Plaintiff was ordered, if she still desired to pursue this action, to file a First Amended Complaint on or before September 20, 2024 remedying the deficiencies discussed in the Report and Recommendation.  As of this date, Plaintiff has not filed a First Amended Complaint remedying the deficiencies discussed in the Report and Recommendation.

Plaintiff is ORDERED to show cause why this action should not be dismissed for lack of prosecution and failing to comply with the Court's order.  Plaintiff may alternatively file a First Amended Complaint to discharge this Order to Show Cause.  Plaintiff's response is due no later than **October 18, 2024.**

**Plaintiff is hereby cautioned that failing to comply with this Order to Show Cause will result in the recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's orders.**

**IT IS SO ORDERED.**

CIVIL-GEN

Initials of Deputy Clerk   SL